JOE D. MERRITT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Merritt v. Commissioner
Docket No. 14758-82.
United States Tax Court
T.C. Memo 1983-340; 1983 Tax Ct. Memo LEXIS 441; 46 T.C.M. (CCH) 422; T.C.M. (RIA) 83340; June 13, 1983. *441 Held: (1) Respondent's determined deficiencies in Federal individual income taxes are upheld. (2) Additions to tax are imposed under sec. 6653(b) (fraud), I.R.C. 1954. Doncaster v. Commissioner,77 T.C. 334 (1981). (3) Additions to tax are imposed under sec. 6654 (estimated tax), I.R.C. 1954. Joe D. Merritt, pro se. Danny M. Carr, for the respondent. CHABOT
MEMORANDUM OPINION *442 CHABOT, Judge: This proceeding is before us on respondent's motion for judgment on the pleadings under Rule 120. [1] The issues are whether there are any genuine issues as to a material fact and if there are no such issues, whether respondent is entitled to a judgment, as a matter of law, on determined deficiencies and certain additions to tax. Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b) *443 [2] (fraud) and 6654 (estimated tax) against petitioner as follows: Additions to Tax
Year
Deficiency
Section 6653(b)
Section 6654
1979
$6,912.38
$3,456.19
$287.71
1980
5,859.38
2,929.68
371.78
When the petition in the instant case was filed, petitioner resided in Central Lake, Michigan. [3]
By the petition, petitioner claims that the "capital asset" [4] which respondent determined was property of petitioner "was a capital asset property of a tax exempt Church." In the alternative, petitioner claims that if he did receive income, "the Commissioner erroneously and wrongfully deprived him of the 50 percent maximum deduction for individual contributions to a tax exempt church." [5]
*444 As to the additions to tax under section 6653(b), petitioner claims they were determined by respondent "solely in retaliation for Petitioner's claim and exercise of his 5th Amendment Constitutional right to remain silent." As to the additions to tax under section 6654, petitioner claims respondent erred because "no tax was due." Finally, petitioner claims "that the allegations contained in the Notice of Deficiency are all issues that must be proved by the Respondent." Respondent filed an answer in which he denied the substantive allegations of the petition and further alleged as follows (hereinafter sometimes referred to as "paragraphs 8 (a) through (j)"): 8. FURTHER ANSWERING the petition, and in support of the determination that a part of the underpayment of tax required to be shown on the petitioner's income tax returns for the taxable years 1979 and 1980 is due to fraud, the respondent alleges: (a). For a number of years prior to the taxable years in question, the petitioner owned and operated an insurance business in Dearborn, Michigan. (b). On or about February 1, 1978, the petitioner sold his insurance business for $230,000.00 to Commercial Underwriters, Inc. *445 (c). By virtue of payments made pursuant to the terms of the sales agreement, the petitioner received $28,462.50 and $25,762.50 in taxable income during the taxable years 1979 and 1980, respectively. (d). The petitioner, though aware of the taxability of the above income, intentionally failed to file a return, report the income or pay the tax owing thereon for both taxable years at issue. (e). The petitioner is well aware of the income tax filing requirements as evidenced by the fairly complicated returns prepared and filed by him for the 1976 and 1977 taxable years. (f). The petitioner contends that the income earned by him from sale of his insurance business is exempt from the income tax laws because he formed a religious organization, the Life Science Church of Antrium, and divested himself of earnings and assets through a form entitled "Vow of Poverty" executed on September 21, 1978, more than seven months after the sale of the Insurance business. (g). Although the petitioner originally took a vow of poverty in 1972, returns were, nevertheless, filed for taxable years 1972 through 1977, inclusive. (h). The petitioner's sole purpose in forming a religious organization *446 and executing a vow of poverty more than seven months after the sale of his insurance business was to evade his income tax liability. (i). The petitioner's failure to file a return, report the payments received under the sales agreement and pay the tax owing thereon for the taxable years 1979 and 1980 was fraudulent with intent to evade taxes. (j). A part of the underpayment of tax required to be shown on the petitioner's return for the taxable years 1979 and 1980 is due to fraud. By the answer, respondent asserts in the alternative that, if the Court determines that the underpayment of tax of petitioner was not due to fraud, then the petitioner is liable for additions to tax under sections 6651(a)(1) (failure to file a return) and 6653(a) (negligence or intentional disregard). [6]
Petitioner did not respond to respondent's affirmative allegations. Respondent moved for entry of an order that the undenied *447 allegations in the answer be deemed admitted under Rule 37(c). The motion was served on petitioner on November 18, 1982, together with a notice of hearing on the motion set for December 22, 1982, at petitioner's address listed in the petition. (See note 3, supra.) Petitioner did not appear at the hearing or otherwise respond to respondent's motion, and the Court, in an order dated December 22, 1982, ordered deemed admitted "the undenied affirmative allegations of fact contained in paragraphs 8(a) through (j) of respondent's answer". A copy of that order was served on petitioner on January 4, 1983. Respondent moved for judgment on the pleadings under Rule 120. Respondent's motion was set for hearing at a trial session of the Court beginning on May 9, 1983, at Detroit, Michigan, and a copy of the notice of hearing was served on petitioner on March 17, 1983. Petitioner did not appear at the call of the calendar on May 9, 1983, and did not appear when the motion was called for a hearing on May 10, 1983. A motion for a judgment on the pleadings will be granted only if the pleadings do not raise a genuine issue as to a material fact and the moving party is entitled to a judgment *448 as a matter of law. DuPont v. Commissioner,74 T.C. 498, 504 (1980); Anthony v. Commissioner,66 T.C. 367, 368 (1976). In the instant case, there are no genuine issues as to the material facts contained in paragraphs 8(a) through (j), these facts having been deemed admitted by order of this Court. Petitioner is deemed to have admitted that he "received $28,462.50 and $25,762.50 in taxable income during the taxable years 1979 and 1980, respectively." This "bottom line" admission eliminates any need to consider matters which might otherwise have affected taxable income, such as charitable contributions deductions. Also petitioner "failed to file a return, report the income or pay the tax owing thereon for both taxable years at issue." Since petitioner failed to plead any facts suggesting that he was entitled to reduce the deficiencies and additions to tax under section 6654 calculated by respondent (as, for example, by an entitlement to credits against tax), we conclude that respondent is entitled to judgment as a matter of law. As to the issue of additions to tax under section 6653(b), for respondent to be entitled to a judgment as a matter *449 of law he must prove two facts. The first fact is the existence of an underpayment. Doncaster v. Commissioner,77 T.C. 334, 337-338 (1981). Based on the facts in paragraphs 8(a) through (h), we conclude that respondent has proven this first fact. The second fact is the existence of fraud. We conclude, following Doncaster v. Commissioner,supra, that the facts in paragraphs 8(i) and 8(j) are petitioner's deemed admissions of the existence of fraud. We hold that respondent's motion for judgment on the pleadings should be granted as to both the determined deficiencies and the additions to tax under sections 6653(b) and 6654. To reflect this, An appropriate order granting respondent's motion for judgment on the pleadings will be issued; decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
3. After filing the petition, petitioner apparently moved from the address listed in the petition. Petitioner has not communicated with the Court after filing the petition.↩
4. Respondent determined that petitioner received income in the years in issue from the sale of the Joe Merritt Insurance Agency. Respondent further determined that one-half of the payments received in the years in issue was attributable to a covenant not to compete. These amounts, plus amounts determined to be interest, were determined to be ordinary income to the petitioner in the years in issue. Respondent has not determined that the other one-half of the principal payments is taxable in the years in issue. See Merritt v. Commissioner,T.C. Memo. 1983-218↩. 5. Petitioner does not direct our attention to any particular section of the Internal Revenue Code, but appears to be referring to sections 170(a)(1) and 170(b), which provide in relevant part as follows: SEC. 170. CHARITABLE, ETC., CONTRIBUTIONS AND GIFTS. (a) Allowance of Deduction.-- (1) General rule.--There shall be allowed as a deduction any charitable contribution (as defined in subsection (c)) payment of which is made within the taxable year. A charitable contribution shall be allowable as a deduction only if verified under regulations prescribed by the Secretary. (b) Percentage Limitations.-- (1) Individuals.--In the case of an individual, the deduction provided in subsection (a) shall be limited as provided in the succeeding subparagraphs. (A) General rule.--Any charitable contribution to-- (i) a church or a convention or association of churches, shall be allowed to the extent that the aggregate of such contributions does not exceed 50 percent of the taxpayer's contribution base for the taxable year.↩
6. Respondent does not assert amounts of the additions to tax under sections 6651(a) and 6653. We do not address this issue, since we conclude, infra,↩ that respondent is entitled to a judgment with regard to the additions to tax under sections 6653(b) and 6654.